UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TODD KREISLER,

  Plaintiff,

vs.

60TH STREET RESTAURANT CORP.,
a New York corporation,
d/b/a PATSY'S PIZZERIA, and
P.T.Z. REALTY, L.L.C., a New York limited
liability company,

  Defendants.

FILED
OCT 08 2009
USDC WP SDNY

09 CIV. 8618
JUDGE RAKOFF

## COMPLAINT AND DEMAND FOR JURY TRIAL

  Plaintiff, TODD KREISLER (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues 60TH STREET RESTAURANT CORP., a New York corporation, d/b/a PATSY'S PIZZERIA, and P.T.Z. REALTY, L.L.C., a New York limited liability company (hereinafter collectively the "Defendants"), for injunctive relief, attorney's fees, litigation expenses and costs pursuant to 42 U.S.C. §12181, et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and the New York City Human Rights Law and allege:

### JURISDICTION AND PARTIES

  1. This is an action for declaratory and injunctive relief, as well as attorney's fees, litigation expenses, and costs pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA") and the New York City Human Rights Law. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343. The New York City claim is properly before this Court under the Court's supplemental jurisdiction. 28 U.S.C. §1367.

1

2. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in New York County, New York.

3. At the time of the Plaintiff's visit to PATSY'S PIZZERIA, prior to instituting the instant action, TODD KREISLER (hereinafter "KREISLER") was a resident of the State of New York, suffered from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, and used a wheelchair for mobility. Prior to filing this lawsuit, the Plaintiff personally visited PATSY'S PIZZERIA, but was denied full and equal access to, and full and equal enjoyment of, the facilities within PATSY'S PIZZERIA restaurant, which is the subject of this lawsuit.

4. One of the Defendants is a New York corporation, and one of the Defendants is a New York limited liability company, which are both authorized to conduct, and which are conducting, business within the State of New York. Upon information and belief, 60TH STREET RESTAURANT CORP. is the lessee and/or operator of the Subject Facility, and owner of the improvements on the real property where the Subject Facility is located which are the subjects of this action, the restaurant commonly referred to as PATSY'S PIZZERIA located at 206 East 60th Street, New York, New York (hereinafter referred to as "PATSY'S PIZZERIA") which also maintains and controls the Subject Facility. Upon information and belief, P.T.Z. REALTY, L.L.C. is the owner and lessor of the real property where the Subject Facility is located which is the subject of this action, the restaurant commonly referred to as PATSY'S PIZZERIA located at 206 East 60th Street, New York, New York (hereinafter the "Subject Facility") which also maintains and controls the subject real property.

5. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is located in New York County in the Southern District.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, PATSY'S PIZZERIA is a place of public accommodation in that it is a restaurant which provides food, beverages (both alcoholic and non-alcoholic), and services to the public.

8. Pursuant to 42 U.S.C. §12181(7); 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

9. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1992.

10. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at PATSY'S PIZZERIA in derogation of 42 U.S.C. §12101 et. seq. and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily accessible.

11. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all of the accommodations and services offered at PATSY'S PIZZERIA. Prior to the filing of this lawsuit, the Plaintiff visited the subject property and

was denied full and safe access to all of the benefits, accommodations and services of the Defendant, 60TH STREET RESTAURANT CORP.'s restaurant. Prior to the filing of this lawsuit, KREISLER personally visited PATSY'S PIZZERIA with the intention of using PATSY'S PIZZERIA's facilities, but was denied full and safe access to the facilities within PATSY'S PIZZERIA and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit PATSY'S PIZZERIA in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at PATSY'S PIZZERIA in violation of the Americans with Disabilities Act.

12. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

13. The Defendants' Subject Facility is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. 36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i) Failure to provide a safe and/or accessible path of travel into the Subject Facility due, in part, to two steps outside the entrance of the Subject Facility.

(ii) The cashier/serving bar counter located in the Subject Facility is higher than 34 inches above the finish floor in violation of the requirements of 28 C.F.R. Part 36, Section 5.2 which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches maximum height.