(iii)   Failure to provide accessible tables near the bar area due to a step on the pathway to the tables.

(iv)   Failure to provide proper required accessible signage at inaccessible routes informing persons with disabilities of an accessible route.

(v)   Failure to provide equivalent, and equally distributed, handicap accessible seating throughout the Subject Facility's sectioned dining areas, including, but not limited to, the second floor dining area, where food and beverages are served, due to multiple steps on the pathway to the second floor dining area.

(vi)   Failure to provide accessible aisles of at least 36 inches on route to all accessible tables.

(vii)   Failure to provide an accessible pathway to the restroom due to multiple steps on the pathway to the restroom.

(viii)   Failure to modify the restroom for accessibility, including, but not limited to, failing to widen door and doorway, provide requisite maneuvering space and proper accessibility, and provide an accessible route into and out of restrooms.

(ix)   Failure to provide adequate directional and accurate informational signage throughout the Subject Facility.

(x)   Failure to provide a safe and accessible emergency exit and/or side entrance located in the dinning room area of the restaurant due to the failure to provide a handicap accessible pathway of at least 36 inches in width to the door due to tables and chairs blocking the pathway, and a threshold at the doorway which is greater than is permitted by 28 C.F.R. Part 36 and the failure to install a ramp or a beveled edge.

14. Upon information and belief, there are other current violations of the ADA at PATSY'S PIZZERIA and only once a full inspection is done can all said violations be identified.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

## COUNT II – THE NEW YORK CITY HUMAN RIGHTS LAW

17. The New York City Human Rights Law provides that :

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of … disability ….

NYC Admin. Code § 8-107(4)(a).

18. Defendants' 60TH STREET RESTAURANT CORP. and P.T.Z. REALTY, L.L.C. are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

19. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 16 as if set forth in their entirety here.

## ATTORNEY'S FEES AND COSTS

20. The Plaintiff has been obligated to retain undersigned counsel for the filing and

prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

## **INJUNCTIVE RELIEF**

21.   Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and the New York City Human Rights Law, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following relief:

- A.   The Court declare that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants is violative of the ADA and the New York City Human Rights Law;

- B.   The Court enter an Order requiring the Defendants to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the New York City Human Rights Law; and requiring the Defendants to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

- C.   The Court award reasonable attorney's fees, costs, and litigation expenses, and such other and further relief of suit, to the Plaintiff;

- D.   The Court award compensatory damages to the Plaintiff based on the Defendants' violation of the New York City Human Rights Law; and

E.     The Court award such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Dated this 9th day of October, 2009.

Respectfully submitted,

_____
Adam T. Shore, Esq. (AS4825)
15 Bank Street, # 111L
White Plains, New York 10606
Telephone:   (914) 329-1626
Email:          atsesq@gmail.com